## STATE OF MONTANA, Plaintiff and Respondent, v. WAYNE C. GILBERT, Defendant and Appellant.

No. 10204.
Submitted April 11, 1961. Decided May 24, 1961.
362 P.2d 221.

Cedor B. Aronow, David O. DeGrandpre, Shelby, for appellant. David O. DeGrandpre argued orally.

Wm. B. Sherman, County Atty., Conrad, Forrest H. Anderson, Atty. Gen., Louis Forsell, Asst. Atty. Gen., for respondent. Louis Forsell, Asst. Atty. Gen., argued orally.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of conviction entered on a jury verdict and from an order denying a new trial. The defendant was found guilty of driving an automobile while under the influence of intoxicating liquor and fined $300.

The defendant had been first tried in justice court and convicted. He appealed to the district court where a trial *de novo* was had. At the opening of the trial in district court, the

transcript indicates the following events concerned with this appeal.

The names of twelve prospective jurors were called. The jurors took their place in the jury box, and County Attorney William B. Sherman addressed the entire panel of prospective jurors as follows:

"Mr. Sherman: Ladies and Gentlemen of the jury; if the Court please, opposing counsel: The defendant's counsel here is Mr. Cedor Aronow, a fine gentleman and attorney from Shelby—the Perry Mason of the Hi-Line, you might say. His client is the defendant, Wayne C. Gilbert. My name is Sherman and I am the County Attorney. This case came up on February 7, 1956, originally. I will read to you the Amended Complaint which was filed on March 7, 1956. After the defendant was convicted in Justice Court—

"Mr. Aronow: If the Court please, I ask for a mistrial because of the prejudicial statement made by counsel—a statement which is prejudicial to the defendant. This is a trial *de novo*, and it makes no difference what went on in a lower court or who took an appeal. This is a new trial —a new case—and what went on in the lower court has no place here or before this jury. I ask at this time for a mistrial. Mr. Court Reporter, does your record have the remarks made by counsel?

"Court Reporter: Yes.

"Mr. Aronow: Thank you. I wanted to make sure that your record has the remarks made by the County Attorney to the jury. Your Honor, I ask at this time for a mistrial.

"The Court: Your motion is denied.

"Mr. Aronow: I will take exception to the Court's ruling.

"Mr. Sherman: I might point out that the entire file goes to the jury anyway.

"Mr. Aronow: No, it does not.

"The Court: Proceed, Mr. Sherman.

"Whereupon Mr. Sherman read the Amended Complaint to the jury, as set out at Page 2 of this transcript.

"Both sides having exercised their peremptory challenges, a jury of twelve was finally selected and sworn to try the issues of this case."

The single specification of error is as follows:

"The court erred in denying defendant's motion for a new trial and in refusing to set aside the verdict, for the reason that reversible error was committed by the Court in refusing to grant defendant's motion for mistrial because of prejudicial conduct by the County Attorney which denied the defendant a fair trial by an impartial jury."

Thus, the reference by the County Attorney to the nature of the trial, that is, an appeal from justice court, is claimed as prejudicial error of such a nature that it cannot be cured by admonition, instruction or otherwise.

However, these further matters appear later in the record concerning settlement and giving of instructions:

"Settlement of Instructions—In Chambers.

"The Court: The record will show that this is settlement of instructions, and that Mr. Aronow is present, representing the defendant, and Mr. Sherman, County Attorney, representing the State of Montana. You have read each other's proposed instructions now?

"Mr. Sherman: Yes, Your Honor, and the plaintiff has no objections to any of the instructions. Mr. Aronow and I have gone over them and are agreed on them.

"Mr. Aronow: Yes, and the defendant concurs. *We have no objection to any of the instructions.*

"The Court: Very well, then I will sign these instructions and we will be ready to go into court for the reading of the instructions and argument.

"January 22, 1960: 1:50 p.m.

"The Court: The record will show that the jury is present, and that the defendant is present in open court with his counsel, Mr. Aronow, and that Mr. Sherman is present for the State. The Court will now proceed to instruct the jury.

"Whereupon the Court commenced to instruct the jury as follows:

" 'Gentlemen of the Jury, in this case the Court gives you the following instructions: (Reading statement of the case submitted by County Attorney Sherman.) The above-named defendant, Wayne C. Gilbert, is charged by a Complaint filed in the Justice Court of Conrad Township, Pondera County, Montana, before H. K. Newman, Justice of the Peace, with the crime of Driving a Motor Vehicle While Under the Influence of Intoxicating Liquor alleged to have been committed in the County of Pondera, State of Montana, on or about the 7th day of February, 1956. An Amended Complaint was filed in the same court charging the defendant with the crime of Driving a Motor Vehicle While Under the Influence of Intoxicating Liquor on or about February 7, 1956. The defendant entered a plea of not guilty to the crime set forth in the Amended Complaint in the Justice Court of Conrad Township, Pondera County, Montana. Before H. K. Newman, Justice of the Peace, and was found guilty following a jury trial * * *.'

"Mr. Aronow: Pardon me, Your Honor. May I see that, please?

"The Court: This instruction?

"Mr. Aronow: Yes, that statement of the case which you have been reading.

"The Court: Yes, you may see it.

"Mr. Aronow: Thank you. Your Honor, I will have to object to that portion of the instruction. It was either

an oversight or I missed that when I read it when we were settling the instructions.

"The Court: I beg your pardon?

"Mr. Aronow: That is improper and I will have to object to it.

"The Court: Mr. Sherman?

"Mr. Sherman: *I would want the court reporter to note here that the objection was made after the settlement of instructions.*

"Mr. Aronow: *I realize that, but it will cure error.* That portion should be deleted and the Court can then read the instruction again. It wasn't completed.

"Whereupon the phrase 'and was found guilty following a jury trial' was deleted from the instruction and the Court re-read the instruction and read the remainder of the instructions.

"Whereupon Mr. William B. Sherman made his opening argument to the jury; Mr. Cedor B. Aronow argued to the jury; Mr. Sherman made his closing argument. Bailiffs were duly sworn, and the jury retired in charge of the bailiffs at 3:45 p.m. to deliberate." Emphasis supplied.

Here, counsel approved the instructions to be given by the court which included the reference to the justice court proceedings now claimed as error, then approved the court's deletion of that portion as being a cure of error, and now claims prejudicial error.

We observe that whatever error may have been committed, clearly counsel waived such error specifically and a trial court will not be placed in error under such circumstances. Such error, assuming it to have been, would be merely technical error. See R.C.M.1947, § 94-8207; State v. Bloor, 20 Mont. 574, 52 P. 611.

As to the nature of prejudicial error in the conduct of a prosecuting attorney which cannot be cured, see our discus-

sion in State v. Peterson, 138 Mont. 257, 356 P.2d 925. See also State v. Straight, 136 Mont. 255, 347 P.2d 482, 487.

The judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR and JOHN C. HARRISON concur.

MR. JUSTICE DOYLE specially concurring.

I concur in the decision but every prosecutor should remember that a trial *de novo* means literally, a trial anew or a retrial on an appeal of the case from the justice court.

The accused in *every* criminal trial is entitled as a matter of right to a fair and impartial trial.

The presumption of law that the defendant is innocent is a bulwark of strength to a defendant's constitutional right of a fair trial.

If then, as here, the prosecutor in his opening statement destroys the presumption of legal innocence, he has in the same breath destroyed a basic legal presumption that surrounds a defendant until the jury, if ever, reaches its verdict.